NO. 07-03-0064-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL B



FEBRUARY 12, 2004



______________________________


 

ADRIAN GUSTAVO LONA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



 _________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 86683; HONORABLE CHARLES D. CARVER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Adrian Gustavo Lona, appellant, was indicted for aggravated sexual assault. He
appeals his conviction and sentence pursuant to a plea of guilty to the lesser included
charge of sexual assault. We affirm.

 On October 21, 2002 appellant entered a plea of guilty to a charge of sexual assault.
The trial court accepted appellant's plea without the benefit of a plea agreement with the
State. The trial court held a sentencing hearing on December 2, 2002, received evidence,
and sentenced appellant to 20 years confinement in the Texas Department of Criminal
Justice Institutional Division. 

 Appellate counsel has filed a motion to withdraw, along with an Anders (1) brief. In
support of his motion to withdraw, he certifies that he has diligently reviewed the record and
applicable law, has found no reversible errors, fundamental or otherwise, upon which to
base a meritorious appeal, and has concluded the appeal is frivolous. Appellant's counsel
attached to his brief a letter, sent to appellant with a copy of counsel's brief and a copy of
the reporter's record, informing appellant of his right to obtain and review the record and
to raise any point or matter he wishes this court to review. Appellant's counsel also filed
a motion requesting appellant be given an extension to allow sufficient time for him to
obtain and review the record and file a pro se brief with the court. The motion was granted
and this court notified appellant, but he has not filed a response. 

 The written plea admonishments signed by appellant include the statement that his
trial counsel provided effective and competent legal representation. Appellant told the trial
court when he entered his plea that he was satisfied with his counsel's representation of
him. The record also includes a form document signed by appellant following sentencing
that includes a general allegation of ineffective assistance of counsel at trial. The brief filed
by appellant's appellate counsel includes a discussion of his examination of the record for
any evidence of ineffective assistance of trial counsel, pursuant to the requirements of
Strickland v. Washington. (2) Counsel reports that the record is devoid of evidence that would
meet either of the two prongs of the Strickland test. Appellant's counsel also provides an
analysis of the procedural facts of the case and the applicable law, with references to the
record and citations to legal authority relied upon in making his determination that the
appeal is without merit. See High v. State, 573 S.W.2d 807, 811-12 (Tex.Crim.App. 1978).

 Appellate counsel notes that the admonishment given appellant by the trial court
regarding his right to appeal was incorrect in that it imposed terms more restrictive than the
law requires. The court admonished appellant as if he were a person entering a plea of
guilty pursuant to a plea bargain. Appellant was admonished that he would have to obtain
consent from the trial court to appeal his plea of guilty and to invoke the jurisdiction of this
court he would have to comply with the requirements of Texas Rule of Appellate Procedure
25.2(b)(3) in his notice of appeal. (3) Appellant, however, was not entering a plea of guilty
pursuant to a plea bargain. Even though appellant was incorrectly advised regarding his
right to appeal, he timely filed a notice of appeal sufficient to perfect his appeal. No issue
is raised by the improper admonishment. 

 This court has independently reviewed the record and legal authority, including that
cited by counsel in his brief. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991);
see Penson v. Ohio, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed 2d 300 (1988). The record
indicates that appellant was timely indicted and provided representation by legal counsel,
signed admissions of guilt and written admonishments, and was orally examined and
admonished by the trial judge before the guilty plea was accepted. The sentence imposed
by the court is within the range of punishment provided for by statute. We find no arguable
grounds for appeal. 

 Counsel's Motion to Withdraw is therefore granted and the judgment of the trial court
is affirmed. 

 

 James T. Campbell

 Justice



Do not publish.



1. Anders v. California, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400, 18 L. Ed 2d 493,
498 (1967).
2. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). 
3. Appellant's sentencing hearing was held on December 2, 2002. Amendments to
Texas Rule of Appellate Procedure 25.2, effective January 1, 2003, replaced subdivision
25.2(b)(3) with current subdivision 25.2 (a)(2). 


t-size: 10pt"> got to have it this way. It's an imposition on every one of you. There's not 

 a one of you here that doesn't have something they would rather do today 

 . . . . If you think about it a little bit, you realize there's nothing more important 

 for you to do today as a citizen of this - - of this country. You're part of 

 the government of this country today. Everybody agree with that?

With that said, we turn to the arguments of appellant.

Argument


 Preservation of Complaint

 Initially, we note that appellant failed to object to any of the comments about which
she now complains. That is fatal on appeal given the dictates of Texas Rule of Appellate
Procedure 33.1. The latter obligates one to object at trial, state specific grounds for the
objection, and secure a ruling on the objection as a condition precedent to the assertion
of the complaint on appeal. Tex. R. App. P. 33.1(a)(1). And, that this requirement
generally applies to error arising from the trial court's own conduct is clear. See Brewer
v. State, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978) (stating that where no objection is
made, remarks and conduct of the court may not be subsequently challenged unless they
are fundamentally erroneous); Williams v. State, 834 S.W.2d 502, 505 (Tex. App. - Fort
Worth, pet. ref'd) (stating that an appellant must object to the trial court's comment to
preserve error); Moore v. State, 907 S.W.2d 918, 923 (Tex. App.-Houston [1st Dist.] 1995,
pet. ref'd) (stating that errors involving the trial court's comment on the weight of the
evidence must be asserted at trial to preserve them for appeal). Recognizing this,
appellant attempts to squeeze her circumstance into the window opened in Brewer. That
is, she contends that she was relieved from having to comply with Rule 33.1 because the
supposed misconduct constituted fundamental error. Furthermore, she relies on the case
of Blue v. State, 41 S.W.3d 129 (Tex. Crim. App. 2000) to support her supposition. We
find Blue inapposite.

 In Blue, the trial court informed the jury that the defendant had received a plea offer
and was contemplating whether to accept it and plead guilty. So too did the trial court
state that it would "prefer" that the defendant plead guilty. Though appellant objected to
neither comment at trial, he complained of them on appeal. The intermediate court
concluded that because no contemporaneous objection was uttered, the error was waived. 
However, the Court of Criminal Appeals reversed the decision, holding that the error was
fundamental and outside the scope of Rule 33.1. In so holding, the court did not state that
each instance of misconduct by the trial judge constituted fundamental error. Nor did it
overrule, in any respect, its prior holding in Brewer. Rather, four of those voting to reverse
deemed the comments to taint the presumption of innocence while the fifth and sixth
judges believed that they denied the accused his right to an impartial judge or an impartial
tribunal, respectively. Saldano v. State, 70 S.W.3d 873, 889 n.72 (Tex. Crim. App. 2002). 
And, because they implicated those rights, they were held to be fundamental and subject
to assertion for the first time on appeal. 

 So, to say the least, the scope of Blue is far from certain. Nevertheless, we cannot
reasonably interpret it as dispensing with the need to comply with Rule 33.1, save in those
instances wherein the judge's conduct rises to the level of impugning the presumption of
innocence, denying an accused the basic right to an impartial jurist or tribunal, or the like. 
Furthermore, neither of the comments at bar rise to that level, assuming arguendo that
they were even improper.

 As for that involving the truthfulness of the police, the court was not telling the jury
that the police would be truthful, as appellant suggested. It is clear from the entire context
of the utterances that the jurist attempted to dissuade the venire from believing the police
or any other official simply because they were the police or a government official. And, in
doing so, it suggested that the police themselves would not want the jurors to deem them
credible merely because they were the police; instead, they (the police) would want to be
believed since they (in their collective minds) believed they would be reciting the truth. 
That is a far cry from conduct evincing 1) a defendant's belief in his own guilt (i.e. informing
jurors that the defendant was seriously contemplating a plea offer) or 2) the court's bias
against the defendant (i.e. revealing his belief that the defendant should plead guilty). 

 Simply put, the trial court at bar sought to instruct the jury to have an open,
unbiased mind when hearing the evidence. In Blue, the trial judge did something quite
different. Therefore, the complaint before us falls outside the parameters of Blue but within
those established by Brewer, and because appellant did not raise it below, it was waived. 
Tex. R. App. P. 33.1(a)(1).

 Nor do the comments about the potential jurors being part of the government fall
within Blue. Again, upon viewing them in context, the trial court was endeavoring to stress
upon the jury the importance of their role in our judicial system or system of government. 
It did not inform the venire that as part of the government, it was acting on behalf of the
prosecution, as appellant insinuates. (2) Thus, the comments did not taint the presumption
of innocence or effectively deprive appellant of an unbiased judge or tribunal. And, to the
extent they did not, appellant was obligated to object below to preserve them for appeal. 
Brewer v. State, supra. 

 Accordingly, we affirm the judgment. 


 Brian Quinn

 Justice



Publish.

1. Appellant likens the comments to fundamental structural error to avoid the argument that her
objections were waived pursuant to Texas Rule of Appellate Procedure 33.1. Simply put, she did not object
to them when uttered below. 
2. We note appellant's reference to the website of our State Bar and its purported definition of the word
"government." Yet, she did not cite us to anything of record indicating that the trial judge directed the venire
to the website. Nor did our review of the record reveal any such thing. Nor did our review of the record
disclose anything which would lead one to reasonably infer that by alluding to the "government" the court
meant the prosecution.