**Ex parte Leona SMITH, Appellant.**

No. 15859.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 20, 1972.

------◆------

Leona Olga Smith, pro se.

PEDEN, Justice.

Appeal from the denial of an application for change of Christian name. The record on appeal contains neither a statement of facts, findings of fact nor conclusions of law. There is nothing in the record to indicate that the trial judge was asked to make such findings or conclusions.

In her brief the applicant asserts that the trial judge stated that he denied her application because he never grants one when the applicant is engaged in any litigation at the time the application is filed and in this case the application stated that she was so engaged.

The applicant contends that there was no evidence that she sought to change her first name (from Leona to Pharis) for a fraudulent purpose or intent or that such change would result in injury to the legal rights of some other person.

Article 5928, Vernon's Civil Statutes, provides:

"Whoever desires to change either his Christian or surname, or both, and to adopt another name instead, shall file his application in the district court of the county of his residence, setting forth the causes for such desire. The judge of said court, if in his opinion it is for the interest or benefit of the applicant to so change his name shall decree that the adopted name of the party shall be substituted for the original name."

In the cause styled "Appeal of Evetts", 392 S.W.2d 781 (Tex.Civ.App.1965, writ ref.), it was held that a person's right to change his name by court order is not absolute, that it may properly be denied even in the absence of a showing of fraud or the invasion of the rights of others and that under statutes prescribing procedures for change of name, an order changing the name of an applicant is a matter of judicial discretion and not of right.

Absent any proper showing as to the evidence adduced in the trial court and the basis for the trial judge's ruling we have nothing before us from which we might determine whether he abused his discretion. Since there is no opposing party in a case of this nature, we consider not applicable Rule 419, Texas Rules of Civil Procedure, which provides: "Any statement, made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party."

We do not reach the question of whether the basis for the trial court's ruling as related in the applicant's brief would amount to an abuse of discretion.

Affirmed.