**Bobby BREWER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58967.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 1, 1978.

Gerald M. Brown, Temple, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This appeal is from an order revoking probation.

On September 10, 1976, the appellant was convicted for the offense of theft of proper-

ty of more than $200.00 but less than $10,-000.00 value. Appellant entered a plea of guilty before the court and imposition of the sentence was suspended and appellant was placed on probation for a period of five years.

On December 13, 1977, a motion to revoke probation was filed alleging that appellant violated his probation by knowingly and intentionally possessing a usable quantity of marihuana of more than four ounces. Appellant was further charged with failing to report to his probation officer and failing to pay his supervisory fee and fine in monthly payments.

On February 9, 1978, a hearing on the motion was held, after which the probation was revoked.

█ Appellant's first contention is that the trial court, by departing from its role as a neutral and detached hearing body and questioning witnesses in a prosecutorial manner, violated the appellant's right to due process of law. It is clear from the record that the questions addressed to the witnesses involved were for the purpose of clarifying an issue before the court and that the court during such questioning maintained an impartial attitude. Such is permissible. *Munoz v. State*, 485 S.W.2d 782; *Navarro v. State*, 477 S.W.2d 281; *Stewart v. State*, 438 S.W.2d 560.

█ Further, appellant did not object to the conduct of the trial court in questioning the witnesses. The only "objection" the appellant made was to seek to have one witness, Judy Brewer, invoke her Fifth Amendment rights. Where no objection is made, remarks and conduct of the court may not be subsequently challenged unless they are fundamentally erroneous. *Hart v. State*, 447 S.W.2d 944; *Dempsey v. State*, 387 S.W.2d 891.

Appellant's first ground of error is without merit.

█ Appellant further contends that the trial court abused its discretion in basing its revocation order on a finding that appellant did knowingly and intentionally possess a usable quantity of marihuana of

more than four ounces where it wrongfully refused to require the State to disclose the identity of its informer.

Officer Spriggs of the Killeen Police Department testified that on September 15, 1977, at about 12:30 a. m., he received a call from a confidential informant who had previously given him true and correct information in the past and that the informant had personally observed Bobby Brewer in possession of marihuana at 11:45 p. m. on September 14, about 45 minutes before the call. The informant told Officer Spriggs that the marihuana was being transported in a four-door, 1976 Cadillac, License No. QFM–771; that the marihuana was being carried in a brown paper bag; that the car would be at 807 Atkinson Street; and that between 12:50 a. m. and 1:30 a. m. the marihuana would be delivered to a residence.

Officer Spriggs further testified that he did not have time to procure a search warrant and that he along with Investigator Thomas Pico of the Fort Hood Military Police set up surveillance at 12:40 a. m. At about 12:55 a. m. appellant, known by the officer, exited his residence with a paper bag and got in the car and drove to a residence in the 900 block of Brewster Street. He then exited the vehicle with the paper bag, went into the house and stayed inside the house about five minutes before returning to the car. He still had the paper bag with him. Testimony revealed that the vehicle was then stopped after it left the residence at about 1:15 a. m. and that a paper bag containing about two ounces of marihuana and a scale were found in the car right beside appellant.

Officer Spriggs testified that after finding the marihuana he informed the appellant that he believed there was more marihuana in appellant's residence, advised him of his rights, and asked him to give consent to the search of his residence. Consent was given and a usable quantity of more than four ounces of marihuana was found.

The record does not support appellant's contention that the identity of the informant should have been disclosed. In the

case at bar Officer Spriggs saw appellant carry the bag later found to contain marihuana from the house into his car. He then arrested appellant in actual possession of the marihuana. Because the informant's knowledge of appellant's possession of marihuana would be cumulative of the officer's testimony, the informant was not a material witness to the guilt or innocence of the accused or whether appellant knowingly committed the crime. *Albitez v. State*, 461 S.W.2d 609; *Ex parte Smith*, 476 S.W.2d 29.

Since the informant was not present with the accused at the occurrence of the alleged crime, not a material witness to the transaction, and not a material witness to the accused's knowing commission of the crime, no error was committed in refusing to disclose the identity of the informant. *Rovario v. U. S.*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Varela v. State*, 561 S.W.2d 186; *Andrew v. State*, 558 S.W.2d 876; *Barber v. State*, 511 S.W.2d 937.

■ In his fourth and fifth grounds of error, appellant alleges that the trial court abused its discretion in basing its revocation order on a finding that appellant violated condition 12 of his probation in that he was delinquent in paying supervisory fees in the amount of $20.00, and violated condition 13 of his probation in that he was delinquent in paying his fine in the amount of $157.50, respectively.

The evidence discloses that during the period of delinquent payments appellant was gainfully employed with a construction company, had not missed work because of illness or a layoff, and managed to purchase a 1976 Cadillac and make $289.00 car payments while keeping a 1969 El Dorado.

This evidence was sufficient to support the trial court's findings that the appellant violated condition numbers 12 and 13 of his probation. Article 42.12, Section 8(c), Vernon's Ann.C.C.P.; *Curtis v. State*, 548 S.W.2d 57.

These grounds of error are overruled.

■ Appellant's third ground of error alleges that the trial court abused its discretion in basing its revocation order on the finding that appellant failed to report to his probation officer on the 10th day of September 1976 and weekly thereafter unless directed by the court to the contrary.

One of the grounds upon which the trial court revoked the appellant's probation was that he violated condition number 5 of his probation providing: "5. Report to the probation officer on the 10 day of Sept., 1976 and weekly thereafter unless directed by the Court; . . . ." This order was dated September 10, 1976.

A supplemental order, entitled "Probationer's Report Dates," also dated September 10, 1976, directed appellant to do the following:

"Report in person to Dan White, Adult Probation Officer, 301 Priest Dr., Killeen, TX., on September 10, 1976 and continue to report, in person on Each Thursday thereafter, unless otherwise directed by the Court."

At the probation revocation hearing, Hubert Childress testified that he had been appellant's probation officer since April of 1977. The State sought to prove and did prove that appellant had failed to report to Hubert Childress after October 10, 1977. However, the court had required appellant to report in person to a specific officer, Dan White, at a specific place, 301 Priest Dr., Killeen, Texas. There is no testimony or other evidence to document that the court at a subsequent time directed appellant to report to a different officer at a different place.

The State concedes that there was no evidence other than witness Childress's testimony that the appellant failed to report to Dan White as ordered by the trial court. In finding such a violation, the trial court was in error. *Davis v. State*, 563 S.W.2d 264.

However, unlike the situation in *Davis*, supra, in this case the trial court found violations of probationary condition numbers 1, 12, and 13 which are sufficient to support the trial court's action in revoking the appellant's probation. No reversible error is shown.

Where the Court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal. *Hancock v. State*, 491 S.W.2d 139; *Vasquez v. State*, 477 S.W.2d 629. Accordingly, pursuant to our authority under Article 44.-24(b), Vernon's Ann.C.C.P., the revocation order is reformed to delete the finding of a violation of probation condition number 5 pertaining to appellant's failure to report to his probation officer.

The judgment is affirmed.