TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00430-CR

William Gera, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 97-140-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

A jury found appellant guilty of two counts of aggravated sexual assault of a child and one
count of indecency with a child by exposure. Tex. Penal Code Ann. §§ 21.11(a)(2) (West 1994);
22.021(a)(1)(B)(i) & (ii) (West Supp. 1998). The jury assessed terms of imprisonment of forty years and
fifty years for the two aggravated sexual assault counts, and a ten-year prison term for the indecency count. 
In three points of error appellant groups for discussion, he contends the district court erred by questioning
a State witness and thereby rehabilitating the witness during cross-examination. We will affirm.

The witness in question was the seven-year-old complainant. During direct examination
by the prosecutor, the complainant stated that she was going to school. In fact, the trial took place during
the summer after the complainant completed the first grade. During cross-examination, defense counsel
questioned the child about this and she acknowledged that she was not currently enrolled in school. 
Defense counsel then asked the complainant if she understood that her earlier statement had been untrue. 
The court interrupted and asked the witness, "[Complainant], earlier, when you told the Jury that you were
going to school, did you mean that you were going to be going to school in a little bit, in the fall?" She
answered affirmatively. Counsel objected that the court's question was a comment on the weight of the
evidence and infringed on the province of the jury. The objections were overruled.

It has long been held that a trial court may impartially question a witness in order to clarify
an issue. Brewer v. State, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978); Munoz v. State, 485 S.W.2d
782, 784 (Tex. Crim. App. 1972). Appellant argues that these authorities are no longer sound in light of
the adoption of the rules of evidence. He notes that Texas did not adopt an equivalent to federal rule 614,
which permits trial courts to call and interrogate witnesses. See Fed. R. Evid. 614; Morrison v. State, 845
S.W.2d 882, 888 n.18 (Tex. Crim. App. 1992) and 903 (Benavides, J., dissenting). We do not reach this
argument, because appellant did not object on this ground and any error was waived. Brewer, 572
S.W.2d at 721; Howard v. State, 966 S.W.2d 821, 829 (Tex. App.--Austin 1998, pet. filed); Tex. R.
App. P. 33.1(a).

Even if the issue were properly before us, we would at most find harmless error. The
question whether the witness was then in school was irrelevant to any issue and the court's questioning was
unlikely to have had any significant effect on the jury's evaluation of the witness's credibility. Any error
would be harmless under either definition of harmless error. See Tex. R. App. P. 44.2.

The points of error are overruled and the judgment of conviction is affirmed.

 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: August 31, 1998

Do Not Publish