# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00338-CR

**Justin Adam Agee, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 51,733, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Justin Adam Agee pleaded guilty to five counts of aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2002). After hearing evidence, the district court assessed punishment for each count at imprisonment for fifty years. Appellant brings forward six points of error in which he contends the court erred by admitting certain testimony and by improperly questioning a witness, that the prosecutor made an improper argument, and that his original attorney on appeal was ineffective. We will overrule these contentions and affirm the judgments of conviction.

Appellant contends that Diane Campbell, a clinical social worker, should not have been permitted to give expert testimony regarding the effects of sexual abuse on children. He argues that her opinion testimony was not shown to be reliable under the test prescribed by *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). Appellant did not make this objection at trial, and thus he failed to preserve the issue for appeal. Tex. R. App. P. 33.1(a). Further, *Kelly* applies only to the

"hard sciences"; it does not apply to expert testimony that is based on technical or specialized knowledge, as in the social sciences. *Nenno v. State*, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998) (setting out appropriate test for reliability). Appellant's brief does not address the *Nenno* standards as they apply to Campbell's testimony. Point of error one is overruled.

Dr. Susan Nickel examined the complaining witness after her outcry. Over appellant's objection, Nickel was permitted to testify to statements the complainant made regarding the nature and frequency of appellant's abusive acts. Appellant argues that these statements were hearsay and that their admission denied him his constitutional right to confront and cross-examine the witnesses against him. This court has held that a child's statement to a medical doctor describing sexually abusive acts and identifying the abuser are reasonably pertinent to medical diagnosis and treatment and are, therefore, admissible under the hearsay exception for such statements. *Fleming v. State*, 819 S.W.2d 237, 247 (Tex. App.—Austin 1991, pet. ref'd); *see* Tex. R. Evid. 803(4). Appellant did not preserve his confrontation claim by trial objection. *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). Points of error two and three are overruled.

The complainant's mother, appellant's wife, testified for the defense.[1] After both sides concluded their questioning of the witness, the court asked her additional questions regarding her attitude toward her husband, her efforts to obtain counseling for her daughter, and her plans for the future if appellant were to receive probation as she requested. Appellant characterizes this questioning as "vigorous cross-examination" and argues that the court thereby abandoned its neutral role and became an advocate for the State. He concedes that he voiced no objection at trial but

---

[1] Appellant is the child's stepfather.

contends the error was fundamental. *See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978) (absent objection, remarks and conduct of court may not be challenged unless they are fundamentally erroneous).

This was a bench trial in which punishment was the only issue to be decided. The questions appellant challenges were relevant to the punishment issue and concerned matters that had been addressed by the witness during questioning by defense counsel and cross-examination by the State. The court appears to have been seeking to clarify statements the witness had previously made and to gather additional information relevant to punishment. *See Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.—Texarkana 1995, no pet.). We find no support in the record for appellant's assertion that the court became an advocate for the State. Finding no fundamental error, we overrule point of error four.

Appellant next argues that the prosecutor exceeded the bounds of proper jury argument when he referred to appellant as a "pervert" and a "predator," and as "someone who eats his own young." There was no jury. In the absence of an objection, appellant preserved no error in any case. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Point of error five is overruled.

Finally, appellant contends the attorney originally appointed to represent him on appeal rendered him ineffective assistance because he failed to file a motion for new trial.[2] Appellant asserts in his brief that gunshots were heard outside the courtroom during his trial. He also asserts that "the

---

[2] Appointed counsel filed a frivolous appeal brief. *See Anders v. California*, 386 U.S. 738 (1967). Appellant subsequently retained his current counsel who was permitted to file a substitute brief on appellant's behalf.

3

physical demeanor of the trial judge . . . dramatically visibly changed" when his wife testified that he is "a good man." In essence, appellant argues that had appointed counsel filed a motion for new trial asserting these facts and pursued the motion at a hearing, the appellate record would contain reversible error.

Appellant's argument asks us to assume that his factual assertions are correct, since he concedes that there is nothing in the record to support them. We do not decide appeals on the basis of speculation about matters not shown in the record. *Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). There is nothing in the record to rebut the presumption that appointed counsel discussed with appellant the merits of filing a motion for new trial and that appellant decided against it. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Point of error six is overruled.

The district court prepared separate judgments of conviction for each count. They are affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   February 14, 2002

4

Do Not Publish