Opinion issued on April 3, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00414-CR




SAMMY WASHINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 905915




MEMORANDUM OPINION

          A jury found appellant, Sammy Washington, guilty of aggravated assault, and,
after finding an enhancement paragraph true, assessed punishment at confinement for
life and a $10,000.00 fine. In two points of error, appellant argues that the trial court
erred in (1) admitting a photograph of appellant in handcuffs, and (2) admitting a
photograph of the complainant in the hospital. 
          We affirm.
Facts
          Carolyn Thomas, the complainant in this case, moved to Houston in August
2000. Thomas met appellant and they started dating. Thomas testified that appellant
started to become jealous of her, and his jealousy had been the cause of arguments
between them. On May 30, 2001, Thomas and appellant started to argue. Thomas
testified that she was going to trade her car in for a truck, and that appellant wanted
her to give her car to him instead of trading it in.
          While Thomas and appellant were arguing, appellant began to hit her with his
fists. Thomas responded by telling appellant to leave the apartment, and that she did
not want to see him again. Appellant then told her that if he could not have her, then
nobody could have her, and that he was going to kill her. Thomas testified that
appellant beat and kicked her, and then grabbed her by the hair and dragged her
across the floor. While she was on the floor, she saw appellant holding a knife, and
could feel that her neck was all wet. 
          Thomas tried to run to the telephone for help, but testified that appellant ripped
it out of the wall. Thomas testified that appellant left while she was lying on the
floor, and that he returned later and started kicking her again. Thomas passed out
during the second attack and woke up in the hospital about one month later. Officer
Sanderson testified that, when he saw Thomas in her apartment after the attack, she
was covered with blood, her eyes were swollen shut, and that her throat was cut
almost from one ear to the other. Thomas, who could see before the attack, has been
blind since waking up in the hospital. 
Admission of Photographs
Photograph of Appellant in Handcuffs
          In his first point of error, appellant argues that the trial court’s admission of a
photograph showing appellant in handcuffs violated his constitutional presumption
of innocense. 
          In order to preserve an issue for appeal, there must be a timely objection that
specifically states a legal basis for the objection. Rezac v. State, 782 S.W.2d 869, 870
(Tex. Crim. App. 1990); Tex. R. App. P. 33.1(a). An objection stating one legal basis
may not be used to support a different legal basis on appeal. Rezac, 782 S.W.2d at
870. 
          Appellant does not argue that the error was structural or fundamental in nature,
such that no objection was required. See Brewer v. State, 572 S.W.2d 719, 721 (Tex.
Crim. App. 1978). At trial, appellant objected to the admission of the photograph
showing appellant’s hands in handcuffs, stating, “It’s unduly prejudicial and it
outweighs any probative value.” Appellant’s complaint on appeal is that his
constitutional presumption of innocence was infringed, and he does not argue that the
trial court abused its discretion under rule 403. See Tex. R. Evid. 403. Accordingly,
we hold that appellant has not preserved point of error one for our review.
          Point of error one is overruled.
Photograph of the Victim
          In his second point of error, appellant argues that the trial court erred in
admitting a prejudicial photograph of the victim in the hospital because the probative
value of the photograph was substantially outweighed by undue prejudice. The
photograph was of Thompson, in a neck brace, with tubes protruding from her, and
showed severe damage to her face.
          Under rule 403, relevant evidence may be excluded if its probative value is
substantially outweighed by undue prejudice. Tex. R. Evid. 403. In applying rule
403 to the admission of an allegedly prejudicial photograph, the Texas Court of
Criminal Appeals has used factors that include: (1) the number of exhibits offered;
(2) the gruesomeness; (3) the detail; (4) the size; (5) whether they are black and white
or color; (6) whether they are closeup; and (7) whether the body is naked or clothed. 
Wyatt v. State, 23 S.W.3d 18, 29 (Tex. Crim. App. 2000). In Chamberlain, the trial
court admitted photographs of the victim that showed the victim’s face up close,
showed brain matter protruding through a large bullet wound, showed the victim’s
body with exit and reentry bullet wounds, and the victim’s duct-taped hands. 998
S.W.2d 230, 237 (Tex. Crim. App. 1999). In holding that the photographs were
admissible, the Court of Criminal Appeals stated the following:
The photographs are gruesome in that they depict disagreeable realities,
but they depict nothing more than the brutal reality of the crime
committed. And it is precisely because they depict the reality of this
offense that they are powerful and visual evidence, probative of various
aspects of the State’s case.

Id. We will review the admission of the photographs for an abuse of discretion. Id. 
          In this case, the single eight-by-ten-inch color photograph of the victim’s face,
as in Chamberlain, was probative because it depicted the brutal reality of the offense. 
The indictment in this case alleged that appellant caused serious bodily injury to
Thompson by cutting her throat with a deadly weapon, and the photograph supported
that allegation. We have reviewed the photograph and the record, and hold that the
danger of undue prejudice does not substantially outweigh the probative value of the
photograph. Accordingly, we hold that the trial court did not abuse its discretion in
admitting the photograph.
          We overrule point of error two.
Conclusion
We affirm the trial court’s judgment. 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Do not publish.