In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-063 CR


____________________



RICKEY LEE JENKINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 02-02-00844-CR






MEMORANDUM OPINION (1)


 A jury found Rickey Lee Jenkins to be guilty of driving while intoxicated,
subsequent offense. After finding the indictment's enhancement allegations to be true, the
trial court assessed punishment at thirty years of confinement in the Texas Department of
Criminal Justice, Institutional Division. The sole point of error raised in this appeal
contends that "[t]he trial court erred in both its verbal and demeanor conduct during the
trial." We affirm.

 Because the issue was not presented to the trial court at any point during the trial
and was not raised in the appellant's motion for new trial, we must first determine whether
the alleged error is subject to procedural default. The plurality opinion Blue v. State, 41
S.W.3d 129, 132 (Tex. Crim. App. 2000), held that a trial judge's comments "which
tainted [the defendant's] presumption of innocence in front of the venire, were fundamental
error of constitutional dimension and required no objection." Not long thereafter, in
Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001), the Court of Criminal
Appeals distinguished Blue without either approving or disapproving of its holding.
Comments by the trial court, interjected in order to correct a misstatement or
misrepresentation of previously admitted testimony, to maintain control and expedite the
trial, or to clear up a point of confusion, as well as comments revealing irritation at
counsel, do not rise to the level of fundamental error unless the comments bear upon the
presumption of innocence or vitiate the impartiality of the jury. Id. 

 In Blue, the trial court told the jurors that the commencement of the trial had been
delayed while the defendant and his attorney decided whether to accept a plea bargain, then
explained to the jury why a defendant might choose not to testify. Blue, 41 S.W.3d at
130. The Court reasoned that: 

 . . . A juror who knows at the outset that the defendant seriously
considered entering into a plea agreement no longer begins with a
presumption that the defendant is innocent. A juror who hears the judge say
that he would have preferred that the defendant plead guilty might assume
that the judge knows something about the guilt of the defendant that the juror
does not. Surely, no trial judge would want an innocent man to plead guilty,
no matter how much delay and expense he might be causing.


Id. at 132. 


 In Jasper, on the other hand, the trial court interrupted defense counsel's question
in order to correct a factual statement, then told counsel to "knock it off" when he tried
to trick a witness, then let it be known to the jury that the witness had not given a written
statement. Jasper, 61 S.W.3d at 420-21. 

 The judge's comments and demeanor in this case bear far more resemblance to
Jasper than to Blue. First, the trial court interrupted with the warning, "This is not the
time for final argument and this is not the time for a big response to what the State said in
opening statement", when defense counsel commenced his opening statement with, "I
would be belligerent, too, if I was being arrested for a crime that I didn't commit." The
judge sent the jury out, informed counsel how he wanted the opening statement to be
conducted, then brought the jury back and told them, "I am like you, I haven't heard the
facts of the case yet. So, if I admonish one lawyer or the other, don't think I am taking
sides." The trial court may have expressed irritation with defense counsel, but the
comment related to an attempt to control the proceedings in the courtroom and the jury was
not given the impression that the judge possessed special knowledge about the facts of the
case. 

 Next, the trial court asked an officer to remind him of the size of a pint. Jenkins
argues that the trial court damaged the presumption of innocence merely by asking
questions of a witness. We disagree. A trial court may question a witness for the purpose
of clarifying an issue before the court. Brewer v. State, 572 S.W.2d 719, 721 (Tex. Crim.
App. 1978). 

 The appellant also complains that the trial court hindered the introduction of the
defendant's proof by interjecting that relevance must be shown before he would permit the
expert witness to testify as to the bloodshot condition of the defendant's eyes on the day
of trial. A comment directed at the admissibility of evidence, rather than its weight, is not
calculated to injure the rights of the appellant. See Rosales v. State, 932 S.W.2d 530, 537
(Tex. App.--Tyler 1995, pet. ref'd). 

 Finally, Jenkins complains about questions the trial court asked during the
punishment phase. The punishment phase was tried to the court, so the jury was not
present during those proceedings and could not have been swayed by a potential comment
on the weight of the evidence. The appellant also suggests that the trial court's actions
denied Jenkins his right to a fair and impartial trial. The record does not reveal that the
judge "became so entangled as an advocate that he could not at the end of the proceeding
make an objective finding of fact in the case." Moreno v. State, 900 S.W.2d 357, 360
(Tex. App.--Texarkana 1995, no pet.). Nor can we say that the trial court's conduct
during the hearings conducted outside the presence of the jury were of such a nature as to
indicate that the court abandoned its proper role as arbiter and became an advocate for the
State. Compare Staten v. State, 919 S.W.2d 493, 496 (Tex. App.--Fort Worth 1996, pet.
ref'd), with Bethany v. State, 814 S.W.2d 455, 462 (Tex. App.--Houston [14th Dist.]
1991, pet. ref'd). 

 We conclude that the appellant's complaints do not fall within the Blue exception
to the general rule for procedural default. While the more prudent course of action might
be for a trial judge to refrain from interjecting his or her own questions or comments in
the proceeding, the complaints presented by the appellant do not constitute fundamental
error. We overrule appellant's sole point of error. We affirm the judgment and sentence
of the trial court.

 AFFIRMED. 


 

 PER CURIAM


Submitted on December 30, 2003

Opinion Delivered January 14, 2004

Do Not Publish


Before Burgess, Gaultney and Hill (2), JJ.
1. Tex. R. App. P. 47.4.
2. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).