

# IN THE
## TENTH COURT OF APPEALS

No. 10-10-00065-CR

**BRIDGETT LAVELL ROBERSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 09-00811-CRF-272

## MEMORANDUM OPINION

Bridgett Lavell Roberson was convicted, after a bench trial, of assault on a public servant and sentenced to 8 years in prison. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West 2011). Because there was evidence supporting the trial court's rejection of Roberson's insanity defense and because Roberson's issue regarding judicial cross-examination was not preserved, the trial court's judgment is affirmed.

### BACKGROUND

Roberson was in the Brazos County Jail for an unrelated offense. She was placed in a "violent cell" and had been there for at least one shift of the jailers. While jail

officers were trying to place Roberson in a restraint chair, Roberson slapped Officer Joan Burns and bit Officer D Anne Hudson. Roberson bit a chunk of flesh out of Hudson's arm. She openly chewed and then swallowed the flesh so that Hudson could see. The wound required Hudson to go to the hospital for extensive treatment. At trial, Roberson pled not guilty by reason of insanity. The trial court rejected Roberson's insanity plea.

## INSANITY DEFENSE

Roberson argues in her first issue that the evidence was legally insufficient to support the trial court's rejection of her insanity defense.

Texas law excuses a defendant from criminal responsibility if the defendant proves the affirmative defense of insanity by a preponderance of the evidence. TEX. PENAL CODE ANN. §§ 2.04(d); 8.01(a) (West 2011). The test for determining insanity is whether, at the time of the conduct charged, the defendant-as a result of a severe mental disease or defect-did not know that the conduct was "wrong." *Ruffin v. State*, 270 S.W.3d 586, 592 (Tex. Crim. App. 2008); TEX. PENAL CODE ANN. § 8.01(a) (West 2011). Under Texas law, "wrong" in this context means "illegal." *Bigby v. State*, 892 S.W.2d 864, 878 (Tex. Crim. App. 1994).

The issue of insanity is not strictly medical; it also invokes both legal and ethical considerations. *Bigby*, 892 S.W.2d at 877. The question of insanity should focus on whether a defendant understood the nature and quality of the action and whether it was an act she ought to do. *Bigby*, 892 S.W.2d at 878 (citing *Zimmerman v. State*, 215 S.W. 101, 105 (1919) (on rehearing)). By accepting and acknowledging her action is

"illegal" by societal standards, a defendant understands that others would believe her conduct is "wrong." *Bigby v. State*, 892 S.W.2d 864, 878 (Tex. Crim. App. 1994).

Roberson contends that the proper standard of review when determining whether the evidence is legally insufficient to support the trial court's rejection of her insanity defense is the same standard that is applied in civil cases. That is, the reviewing court must first examine the record for evidence that supports the negative "finding" while ignoring all evidence to the contrary, and if no evidence supports the negative "finding," the entire record is examined to determine whether it establishes the contrary proposition as a matter of law. *Cleveland v. State*, 177 S.W.3d 374, 387 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *Howard v. State*, 145 S.W.3d 327, 333-334 (Tex. App.—Fort Worth 2004, no pet.). *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). The State cites to a different standard of review, but does not contest Roberson's version of the standard. Actually, the standard cited by the State is the factual sufficiency standard. Roberson's issue is one of legal insufficiency. We conclude that the legal sufficiency standard as described by Roberson is the correct standard of review, and we will review the evidence in light of that standard. *Smith v. State*, ___ S.W.3d. ___, 2011 Tex. App. LEXIS 2426 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet. h.) (publish); *See Moranza v. State*, 913 S.W.2d 718, 723 (Tex. App.—Waco 1995, pet. ref'd).[1]

---

[1] There is some question whether *Brooks* in some manner changed the standard of review on issues the defendant must prove by a preponderance of the evidence, such as insanity. We believe *Brooks* does not change the standard in such cases. *See Bernard v. State*, ___ S.W.3d. ___, 2011 Tex. App. LEXIS 2693 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, no pet. h.) (publish).

Before the incident, Roberson had been placed in the "violent cell," but she kept trying to escape when the jail officers would check on her. Intermittently, Roberson would "holler and scream" and then would stop and ask questions. If she did not get the answer she wanted, Roberson would start screaming again. After the incident, Roberson apologized to Hudson when Hudson returned from the hospital. A day or so later, Roberson told Officer Burns, that she remembered hitting Burns in the face and would do it again if she had the opportunity.

After treatment at the Austin State Hospital for about two weeks, Roberson returned to the Brazos County Jail, and during a confrontation in which other inmates were trying to make Roberson behave, Roberson threatened that she would bite an inmate and an officer again if she had to. Roberson was also heard singing, "I bit the sheriff but I didn't shoot the deputy." The next time Hudson saw Roberson, Roberson stated to her, "I know you. You tastes good." Additionally, when she learned that her charge associated with this incident prevented her from returning to Austin State Hospital, Roberson initially became angry and said that she could "do the time." But when it was explained to her that her actions in jail could impact her sentence, Roberson apologized and promised to improve her behavior. None of the officers who testified at Roberson's trial ever had difficulty communicating with Roberson. Further, the court-appointed psychologist stated that Roberson may have known her action was illegal.

After reviewing the record, we find that there is ample evidence to support the trial court's rejection of Roberson's insanity defense. Thus, under the standard of

review cited by Roberson, we need not review the entire record to determine whether insanity is established as a matter of law. Roberson's first issue is overruled.

JUDICIAL CROSS-EXAMINATION

Roberson argues in her second issue that the trial court abused its discretion by subjecting Roberson to judicial cross-examination during the punishment phase of the trial. Roberson did not object to the questioning by the trial court but contends on appeal that the questioning was fundamental error because the trial court abandoned its neutral and detached role; and thus, no objection was required.

Texas Rule of Appellate Procedure 33.1 provides that, in general, as a prerequisite to presenting a complaint for appellate review, the record must show a timely, specific objection and a ruling by the trial court. TEX. R. APP. P. 33.1. *See Layton v. State*, 280 S.W.3d 235, 238 (Tex. Crim. App. 2009); *Neal v. State*, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004). Unpreserved error may be reviewed if the error is a fundamental error that affects a defendant's substantial rights. TEX. R. EVID. 103(d); *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993). However, there are few rights that must be affirmatively waived and may therefore be raised for the first time on appeal. *Marin*, 851 S.W.2d at 280. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002) ("All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong.")

Roberson took the stand to testify during punishment. The trial court's questioning took place after Roberson's counsel passed her as a witness and is as follows.

Q. Ms. Roberson I have a question for you.

A. Yes, sir.

Q. There was testimony in your trial that about a month after this incident when Officer Hudson came back on to the job and you were back from ASH that you saw her and said, "I remember you. You taste good."

A. No, Sir.

Q. Do you remember saying that?

A. No, sir, I don't.

Q. You would have been on your medication then. Is that correct.

A. I wasn't on my medication.

Q. After you came back from ASH?

A. They give me my medication at ASH.

Q. They didn't give you medication at ASH?

A. They did. They give me medication at ASH.

Q. You don't believe that you said that at that time?

A. I heard it.

Q. "I remember you. You taste good."

A. Someone said I said that. I don't know. Yes, sir.

It is clear from this record that the questions addressed to Roberson were for the purpose of clarifying an issue before the court and that the trial court during the questioning maintained a neutral and detached role. Thus, an objection was required.

*See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978). Accordingly, Roberson's second issue is not preserved and is overruled.

## CONCLUSION

Having overruled each of Roberson's issues on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 15, 2011
Do not publish
[CR25]