ACCEPTED
06-15-00110-cr
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/19/2015 10:10:53 AM
DEBBIE AUTREY
CLERK

**NO. 06 – 15 – 00110– CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/19/2015 10:10:53 AM
DEBBIE AUTREY
Clerk

IN THE SIXTH DISTRICT COURT OF APPEALS
TEXARKANA, TEXAS

**DEREK CLINTON WARD**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On appeal from the 124TH District Court, Gregg County, Texas
Trial Court Case No. 42,433-B

**BRIEF OF THE STATE OF TEXAS**

CARL DORROUGH
GREGG COUNTY DISTRICT ATTORNEY

Zan Colson Brown
Texas Bar No. 03205900
Assistant District Attorney
Gregg County, Texas
101 East Methvin St., Suite 333
Longview, Texas  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701
Zan.Brown@!co.gregg.tx.us

# TABLE OF CONTENTS

INDEX OF AUTHORITIES................................................................................2

STATEMENT OF FACTS.................................................................................1

SUMMARY OF THE ARGUMENT ..................................................................3

ARGUMENT.....................................................................................................3

1) The Appellant failed to preserve error and no fundamental error
was committed. ...........................................................................................3

2) The judge's comments were not improper and he maintained
his objectivity.............................................................................................5

a) Standard of Review: actual impropriety, probable prejudice.....................5

b) The trial judge did not become an advocate for the State. .........................6

c) The judge did not lose his objectivity. ......................................................7

CONCLUSION AND PRAYER .........................................................................8

CERTIFICATE OF SERVICE ...........................................................................9

CERTIFICATE OF COMPLIANCE ................................................................10

# INDEX OF AUTHORITIES

**State Cases**

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985) (opinion on rehearing)…………………………………………………………...…………5

*Blue v. State,* 41 S.W.3d, 129, 132 (Tex. Crim. App. 2000)……….4

*Brewer v. State,* 572 S.W.2d 719, 721 (Tex. Crim. App. [Panel Op.] 1978)………………………………………………………………..…..6

*Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App. –Houston [14th Dist.] 2007, pet. ref'd) ……………………………………………….…..5

*Hookie v. State,* 136 S.W. 3d, 671 (Tex. App. –Texarkana 2004, no pet.)……………………….……………………………...…4

*Jackson v. State,* 989 S.W.3d 845 (Tex. App.—Texarkana 1999, no pet.)…………………………………………………………….…4

*Jasper v. State,* 61 S.W.3d 413, 421 (Tex. Crim. App. 2001)………...4, 6

*Johnson v. State,* 452 S.W.3d 398, 405 (Tex. App. Amarillo, 2014, pet ref'd.) ………………………………..……………………….………5

*Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App. Texarkana 1995)…………………………………………………………4,5,6,8

## STATEMENT OF FACTS

Derek Clinton Ward was charged, on March 28, 2013, with State Jail felony theft, an offense alleged to have occurred on or about September 19, 2012. See indictment, CR 4. The property allegedly stolen was a welding machine valued at more than $1,500 and less than $20,000. *Id.* The victim of the theft was David Newberry, who had not consented to the appropriation. *Id.*

Ward worked for Newberry. 5 RR 6, 7 Newberry accused Ward of abusing credit card privileges, and withheld Ward's pay. 5 RR 7. 8. Ward confessed he took Newberry's welding machine in retaliation for that withholding. 5 RR 8, 21.

Ward agreed to plead guilty, and the State promised to agree to probation if Ward could come up with the restitution on the day of sentencing, May 21, 2015. 5 RR 26. If he did not bring in the full restitution amount, he knew that it was possible that he would be doing prison time. 5 RR 26. This agreement was reached on April 9, 2015. 5 RR 26.

Two days later, on April 11, 2015, Ward was laid off from his job in the oil field. 5 RR28. This was about a month and a half before he appeared for sentencing on May 21. 5 RR 26. During that month and a half, Ward had not applied for another job, but he was eligible to be rehired by his former company. 5 RR 14, 16. He chose instead to see what unemployment would provide versus "what they were offering here" and to rest his previously injured back by not

1

working, and "it was kind of nice to just let my back have a rest for a minute anyways." 5 RR 16.   Defense counsel followed this statement by asking about his back injuries, when they occurred, and what drugs he took for them.  He stated his back had been injured in 1999, and he had endured multiple back surgeries, but he had not used either prescription medications or illegal narcotics for "a couple of years, few years." 5 RR 17.   He testified he could find other employment and take care of financial obligations. 5 RR 20. Neither the defense attorney nor the State's attorney had asked the defendant exactly when he was laid off. The judge did. 5 RR 27-28. Ward said he was laid off on the Saturday after he had appeared in Court on Thursday, April 9. 5 RR 28. The judge characterized Ward's testimony as saying he took a "vacation" instead of finding a job to save up to pay the restitution. 5 RR 28.    Additionally, when explaining his reasoning for the sentence, the judge repeated that his decision to deny probation was based on the fact that Ward did not work, but took "a month-and-a-half vacation to rest [his] back." 5 RR 40.   He further explained, "I promise you if you had gone out and flipped burgers and showed me you were working, I would make a different decision than I'm about to make. But you didn't. No, 'rest my back. I'm going to see how much unemployment pays me instead of going out and working.'" 5 RR 41.   Ward filed no motion for new trial, but filed notice of appeal on June 26, 2015.

# SUMMARY OF THE ARGUMENT

The Appellant has failed to preserve error.

The judge questioned the defendant to find a fact that neither attorney had asked about, in order to clarify a point. The judge's comments did not deprive Ward of a fair and impartial magistrate. Nor did they take away the presumption of innocence. He remained objective.

# ARGUMENT

The Appellant failed to preserve error. If the court considers his argument on the merits, the trial court was merely seeking to understand or clarify the defendant's testimony regarding his reasoning for not having a job when he knew that paying restitution would keep him from going to jail. Such questioning by the judge is permitted in a bench trial if the defendant is seeking probation.

## 1) The Appellant failed to preserve error and no fundamental error was committed.

To preserve a complaint for review, an appellant must have presented the trial court with a timely request, objection, or motion stating the specific grounds for the ruling ordered. TX R APP Rule 33.1 (a) (1) (A). Ward failed to object at trial when the judge made comments of which Ward complains on appeal. Hence,

he preserved nothing for review. See *Hookie v. State,* 136 S.W. 3d, 671 (Tex. App. –Texarkana 2004, no pet.) *Jackson v. State,* 989 S.W.3d 845 (Tex. App.— Texarkana 1999, no pet.) No motion for new trial was filed.

Only if this Court believes the error to be "fundamental error of constitutional dimension and required no objection," should the issue even be reached. *Jasper v. State,* 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). The *Jasper* opinion cites the plurality opinion of *Blue v. State,* 41 S.W.3d, 129, 132 (Tex. Crim. App. 2000) which held that a trial judge's comments "which tainted [the defendant's] presumption of innocence in front of the venire" were fundamental error.

This Court has considered complaints of judicial conduct and determined that "[W]here no objection is made, remarks and conduct of the court may not be subsequently challenged unless they are fundamentally erroneous. *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App. Texarkana 1995, citing *Brewer v. State,* 572 S.W.2d 719, 721 (Tex. Crim. App. [Panel Op.] 1978)).

In cases were the error is unpreserved, the harm to the defendant must be egregious, that is, so harmful that the defendant was denied a fair and impartial trial. *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App. Texarkana 1995, citing *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)

(opinion on rehearing).

Ward did not object at trial to the judge's comments. His sole issue should therefore be rejected as unpreserved and not fundamental error and the sentence should be affirmed.

**2) The judge's comments were not improper and he maintained his objectivity.**

  **a) Standard of Review: actual impropriety and probable prejudice**

If the issue is considered on its merits, the appropriate standard is as follows: "To reverse a judgment on the ground of improper conduct or comments of the judge, we must find (1) that judicial impropriety was in fact committed, and (2) probable prejudice to the complaining party." *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App. –Houston [14th Dist.] 2007, pet. ref'd) (finding no impropriety; *Johnson v. State,* 452 S.W.3d 398, 405 (Tex. App. Amarillo, 2014, pet ref'd.) (no impropriety by merely admitting evidence and comments not fundamental error). In *Johnson*, the Amarillo court relied on a Court of Criminal Appeals case when it said, "A trial court's comments do not constitute fundamental error unless they rise to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *Jasper v. State,* 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).

This Court has determined that whether there is fundamental error depends on whether an appellant can establish egregious harm. *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.—Texarkana 1995, no pet.)

**b) The trial judge did not become an advocate for the State.**

A trial judge may question a witness when seeking information only, to clarify a point, or to get the witness to repeat something that the judge could not hear. *Moreno v. State*, at 359, citing *Brewer* at 721. When a judge goes beyond this permissible questioning, there are two possible dangers: the judge may convey his opinion of the case to the jury, or the judge may become an advocate in the adversarial process and lose his or her neutrality.

Obviously, because this was not a jury trial, but a guilty plea, the first danger is not applicable, so the issue here is whether the judge went beyond the permissible questioning and became an advocate.

The judge's questions to the defendant were permissible because they were seeking information or designed to clarify a point. As in the *Moreno* case, this judge was seeking facts, and the questions were within the bounds of what would have been allowed by the attorneys. The answers would have been within the bounds of admissible testimony.

The judge's comments about Ward's choosing to "vacation" rather than to work to save up to pay Newberry the restitution were reasonably based on Ward's own words: "It would be nice to rest my body." "I'm looking at how much I would get unemploymentwise versus what they were offering here, and it was kind

of nice just to let my back have a rest for a minute anyways. Working on a drilling rig when you're 36 years old and had as many spinal surgeries that I have had takes a toll on your body. I kind of looked at it as taking a second off and giving my body a little rest." 5 RR 16. Yet when he spoke about his use of prescription drugs, he claimed not to have used anything stronger than ibuprofen for his back in "a couple of years, few years." 5 RR 17. Furthermore, his attorney had asked when his unemployment payments would begin, and he answered that his application had been incomplete and he had an information packet due to arrive in two days. 5 RR 15. So, as of the date of the hearing, he had not yet completed his application for unemployment. The judge's questions about Ward's efforts to find work were fact-finding questions, and his question about taking a vacation were merely designed to clarify Ward's answers. No impropriety has been shown. He was not being an advocate for the State.

**c) The judge did not lose his objectivity.**

In *Moreno*, the record did not reveal that the judge became so entangled as an advocate that he could not at the end of the proceeding make an objective finding of fact in the case. Likewise, the judge in this case showed himself able to be objective at the end of the hearing when, as he was about to announce Ward's sentence, he stated: "[I]f you had gone out and flipped burgers and showed me you were working, I would make a different decision than I'm about to make." 5 RR 41.

When the judge spoke briefly about the potential for the 20 percent reduction in sentence, he noted that he will have to consider it by law, but he didn't think he would be granting much, if any, of the reduction. That leaves open the possibility of such a reduction, although the possibility is slim due to Ward's lack of interest in making restitution.

The appellant has shown neither improper questioning, nor advocacy by the judge for the State, nor egregious harm bearing on the presumption of innocence. His sole point of error should be rejected and his conviction affirmed.

## CONCLUSION AND PRAYER

In conclusion, the Appellant has offered as his only argument—not preserved—that the Court erred by questioning the defendant as an advocate for the State, and thus deprived the defendant of a trial by a neutral and detached magistrate. The issue should not be reached because it was not preserved by timely objection. If it is reached, it should be rejected because the questions were

proper, there was no jury to influence, and even if improper, no egregious harm has been shown that rises to the level of bearing on the presumption of innocence.

Respectfully Submitted,


/s/ Zan Colson Brown

Zan Colson Brown
Texas Bar No. 03205900
Assistant District Attorney
101 East Methvin St., Suite 333
Longview, TX 75601
Telephone: (903) 236–8440
Facsimile: (903) 236–3701


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by efiling.

Time Cole
P.O. Box 413
Gilmer, Texas 75644
At timcone6@aol.com

this 19th day of October, 2015.


/s/ Zan Colson Brown_

Zan Colson Brown
Assistant District Attorney

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 (2012) regarding length of documents, in that exclusive of caption, identify of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 1913 words.

/s/ Zan Colson Brown

Zan Colson Brown
Assistant Criminal District Attorney