# NO. 12-15-00205-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY BARTON BROWN,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Larry Barton Brown appeals his conviction for felony driving while intoxicated, for which he was sentenced to imprisonment for thirty-five years. Appellant raises three issues challenging the trial court's admission of certain evidence, the trial court's questioning of a witness, and the sufficiency of the evidence. We affirm.

### BACKGROUND

Appellant was charged by indictment with felony driving while intoxicated. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Sergeant Keith Hawkins of the Nacogdoches Police Department responded to a call regarding a possible disturbance in Appellant's van. After stopping Appellant, Hawkins became suspicious that Appellant was intoxicated. Officer Jonathan Durham arrived at the scene and administered standardized field sobriety tests to Appellant. Based on the results of these tests, Durham believed that Appellant was intoxicated beyond the legal limit.

Appellant was subsequently taken to the hospital where he voluntarily gave a blood specimen. An analysis of the specimen showed that it contained around 0.159 grams of alcohol per 100 milliliters of blood, almost twice the legal limit.

Ultimately, the jury found Appellant "guilty" of driving while intoxicated, and the trial court assessed his punishment at imprisonment for thirty-five years. This appeal followed.

**ADMISSIBILITY OF EVIDENCE**

In his first issue, Appellant complains about the admissibility of the blood analysis results.

**Standard of Review**

Generally, we review a trial court's decision to admit evidence under an abuse of discretion standard. *See* **Martin v. State**, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. **Willover v. State**, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *See* **Burden v. State**, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

**Analysis**

At trial, Appellant objected to the admission of the blood evidence on the grounds that the State did not prove the person who drew the blood was qualified to do so under transportation code section 724.017. That section reads as follows:

> Only the following may take a blood specimen at the request or order of a peace officer under this chapter:
> (1) a physician;
> (2) a qualified technician;
> (3) a registered professional nurse;
> (4) a licensed vocational nurse; or
> (5) a licensed or certified emergency medical technician-intermediate or emergency medical technician-paramedic authorized to take a blood specimen under Subsection (c).

TEX. TRANSP. CODE ANN. § 724.017(a) (West Supp. 2016).

Durham testified that he observed the blood draw. It was performed by Khadiga Khatun, whom he knew to be a licensed phlebotomist at the hospital. Durham had previously observed Khatun draw blood hundreds of times. Khatun testified that she had worked at the hospital drawing blood for almost four years. She had a certification from a nearby community college. Khatun had performed more than 5,000 blood draws, 500 of which were for DWI cases. She described for the jury the procedure she used to take specimens in DWI cases.

On appeal, Appellant argues that the trial court erred by admitting the blood evidence over his objection. The State contends that transportation code chapter 724, entitled "Implied Consent," is inapplicable because Appellant's consent was not only implied, but express. We do not address this argument because we agree with the State's other contention—that the trial court did not abuse its discretion in determining, based on Khatun's and Durham's testimony, that Khatun was a qualified technician under section 724.017 and therefore admitting the blood evidence. *See Krause v. State*, 405 S.W.3d 82, 86 (Tex. Crim. App. 2013). Accordingly, we overrule Appellant's first issue.

**DUE PROCESS**

In Appellant's second issue, he argues that the trial court violated his right to due process by asking questions of Khatun.

**Standard of Review and Applicable Law**

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973). A trial court's questioning of a witness for the purpose of clarifying an issue before the court does not offend due process, so long as the court maintains an impartial attitude. *Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. [Panel Op.] 1978). In the absence of a clear showing of bias, we will presume that the trial court's actions were correct. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

**Analysis**

On the first break in trial after Khatun's testimony, the trial court sent the jury out and called Khatun back into the courtroom. The following exchange took place:

TRIAL COURT: I just had a few more questions for you just to make sure I understand what you were testifying about. You understand that you're still under oath, correct?

KHATUN: Yes, sir.

TRIAL COURT: You said that you were—that you graduated from Angelina Community College?

KHATUN: Yes, sir.

TRIAL COURT: And what was your degree or certification in?

KHATUN: (Tendering.)

3

TRIAL COURT: Says "phlebotomy specialist"—witness has handed me a certificate—on April the 4th of 2011; is that correct?

KHATUN:     Yes, sir.

TRIAL COURT: That's when you graduated?

KHATUN:     Yeah.

TRIAL COURT: And, then, when you graduated there, did you go to work right away?

KHATUN:     No. I did my internship over there, in the hospital. That's how they hire me over there.

TRIAL COURT: You did intern—internship where?

KHATUN:     In Nacogdoches Memorial Hospital and then—

TRIAL COURT: While you were a student or after you graduated?

KHATUN:     We have to do a clinical. And then I—I was doing my practice over there. And then that's how I got my job over there.

TRIAL COURT: So, what—do you remember about when you were hired by Memorial Hospital?

KHATUN:     Since 2000—2011.

TRIAL COURT: That's when you were hired—

KHATUN:     Yeah.

TRIAL COURT: —by Memorial Hospital?

KHATUN:     Yeah.

TRIAL COURT: And what did they hire you to do? What's your job, when they hired—

KHATUN:     Just taking blood, and that's it.

TRIAL COURT: Phlebotomist?

KHATUN:     Yeah.

TRIAL COURT: So that's all you do there?

KHATUN:     Yeah.

TRIAL COURT: Okay. And you've been doing that since 2011?

KHATUN:     Yes, sir.

TRIAL COURT: And when you said that you had drawn blood about 5,000 times, was that just at Memorial Hospital; or is that including your clinical or your internship before—

KHATUN:     Oh, actually, more than 5,000 the whole, you know, since 2012, you know. And

maybe 5,000 for DWI. I mean, 500. Sorry.

TRIAL COURT: Right. But when you say—those 5,000, is that just at Memorial Hospital?

KHATUN: Yes.

TRIAL COURT: That's not counting any other blood draws you did while you were a student or other places?

KHATUN: Yeah. I mean, we have to, like, had a hundred in state before we start doing it in the hospital.

TRIAL COURT: So a hundred in the classroom-type—

KHATUN: Yes.

TRIAL COURT: —or clinical setting?

KHATUN: Yes.

TRIAL COURT: Before you were hired by the hospital?

KHATUN: Yes.

TRIAL COURT: Have you worked at any other hospitals besides Memorial—

KHATUN: No, sir. This is—that's the only hospital I work.

Khatun was excused, and the trial court stated, "I just wanted to make sure I was clear on a legal—legal sufficiency basis, not outside the factual sufficiency issues that may or may not exist so . . . ." Based on the trial court's statements, it apparently questioned Khatun for the permissible purpose of clarifying the issue of her qualification to draw blood. *See **Brewer***, 572 S.W.2d at 721. Furthermore, the record does not suggest that the trial court failed to maintain an impartial attitude. *See **id.*** Therefore, we presume that the trial court's actions were correct. *See **Brumit***, 206 S.W.3d at 645. Accordingly, we overrule Appellant's second issue.

## EVIDENTIARY SUFFICIENCY

In Appellant's third issue, he argues that without the blood evidence, the evidence is insufficient to support the jury's finding that he was intoxicated. We have previously concluded that the blood evidence was properly admitted. Therefore, we overrule Appellant's third issue.

5

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2016**

**NO. 12-15-00205-CR**

**LARRY BARTON BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1421059)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*