

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00377-CR

TERRY WAYNE HOUK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 22,448-C, Honorable Ana Estevez, Presiding

June 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Terry Wayne Houk appeals from the trial court's order revoking his community supervision and sentencing him to eight years of imprisonment and a $2000 fine. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We will grant counsel's motion, reform the trial court's judgment and affirm it as reformed.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders,* 386 U.S. at 744-45; *In re Schulman, 252* S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel discusses why, under the controlling authorities, the appeal is frivolous. *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by providing a copy of the brief to appellant, notifying him of his right to review the record in his case, and notifying him of his right to file a *pro se* response if he desired to do so. *In re Schulman*, 252 S.W.3d at 408. By letter, we granted appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant filed a response raising an issue concerning the accuracy of the reporter's record.

By the *Anders* brief, counsel raises the following potential issues: (1) error in the original guilty plea; (2) error in the motion to revoke community supervision; (3) error in the hearing on the motion to revoke community supervision; and (4) error in sentencing. Counsel then explains that reversible error is not presented and there are no good faith grounds to support this appeal. We agree.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim.

App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona,* 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

In November 2011, appellant plead guilty pursuant to a plea agreement with the State to the felony offense of driving while intoxicated[2] and the court sentenced him to ten years in the Texas Department of Criminal Justice, Institutional Division, probated for four years with SAFPF[3] and a fine of $2000.

In June 2013, the month after he completed his treatment at the SAFP facility, appellant was arrested for driving while intoxicated. The State thereafter filed a motion to revoke community supervision alleging appellant violated the terms and conditions of his community supervision by (1) driving while intoxicated on June 29, 2013; (2) admitting to his community supervision officer that he consumed alcohol on or about June 29, 2013; (3) failing to pay $60.00 per month towards supervision fees for the month of July 2013; (4) failing to pay $2.00 towards urinalysis fees on or before June 16, 2013 and $10.00 on or before June 28, 2013, a total of $12.00; and, (5) on July 29, 2013, failing to obtain an interlock for his vehicle.

The trial court heard the State's motion to revoke appellant's community supervision in October 2013. Appellant plead "not true" to each of the allegations in the

---

[2] TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West 2012).

[3] SAFPF is an acronym for "substance abuse felony punishment facility."

State's motion. The State presented the testimony of appellant's community supervision officer, the Childress County sheriff's deputy who arrested him for driving while intoxicated in June 2013 and a state trooper who transported him to jail. The trooper told the court appellant declined to perform a field sobriety test, saying "I'm not doing any tests. I'm already drunk."

Appellant also testified at the hearing, telling the court he was a passenger on the motorcycle at the time of his arrest and was not driving it. He acknowledged, however, he had been drinking and that he was intoxicated when the deputy came into contact with him. Appellant also admitted that he failed to pay the fees alleged in the State's motion. Lastly, he admitted his motorcycle did not have an interlock device.

Following presentation of the evidence, and the State's concession that it did not offer proof of its third allegation in its motion, i.e. failure to pay supervision fees, the trial court found the remaining allegations to be true. It then heard evidence pertaining to sentencing, after which it assessed punishment against appellant as noted.

Counsel concludes the trial court did not abuse its discretion in revoking appellant's community supervision. The State presented evidence of several violations of the terms of appellant's community supervision, and appellant conceded at least three violations during his testimony. Proof of one violation alone is sufficient to support revocation. *Smith v. State,* 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (holding that one sufficient ground for revocation supports the trial court's order revoking community supervision); *see Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd) (probation officer's testimony was sufficient evidence on which to find a

4

violation of a term of appellant's community supervision). Accordingly, we agree with counsel that no arguably meritorious issue may be raised on appeal.

We further agree with counsel in concluding the record does not support a contention the court acted outside the zone of reasonableness in imposing appellant's sentence as it was within the range prescribed by the Penal Code for this offense. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West 2012); TEX. PENAL CODE ANN. § 12.34 (West 2012).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman,* 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. After reviewing the record, counsel's brief, and appellant's response, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005).

The trial court judgment states appellant plead "true" to paragraphs 1, 2, 4, & 5 of the motion to revoke. From the reporter's record, it is clear that appellant plead "not true" to each of the State's five allegations. The trial court found paragraphs 1, 2, 4, and 5 to be true. An appellate court may correct and reform a trial court judgment to make the judgment congruent with the record. *Nelson v. State,* 149 S.W.3d 206, 213 (Tex. App.—Fort Worth 2004, no pet.). Because we have all of the information and evidence necessary for reformation here, *Brewer v. State*, 572 S.W.2d 719 (Tex. Crim. App. 1978), we reform the trial court's judgment to remove the language "true to paragraphs

5

1, 2, 4 & 5" under the heading "Plea to Motion to Revoke" and replace it with "not true to paragraphs 1, 2, 3, 4 & 5." We further reform the trial court's judgment to show the trial court found paragraphs 1, 2, 4, & 5 to be "true."

Accordingly, counsel's motion to withdraw is granted[4] and the trial court's judgment, as reformed, is affirmed.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX R. APP. P. 48.4.