# NO. 12-16-00243-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AARON JOSEPH DIAMOND, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Aaron Joseph Diamond appeals his conviction for possession of a controlled substance. In one issue, he contends the evidence is insufficient to support the trial court's order of court costs. We sustain Appellant's issue, modify the judgment, and affirm as modified.

### BACKGROUND

On May 7, 2015, Appellant pleaded "guilty" to possession of a controlled substance, a second degree felony. He was sentenced to imprisonment for ten years, but the trial court suspended imposition of his sentence and placed him on community supervision for a period of eight years. Subsequently, the State filed a motion to revoke his community supervision alleging that Appellant violated the terms and conditions of community supervision. Appellant pleaded "true" to the allegations and, on August 26, 2016, the trial court revoked Appellant's community supervision and imposed a sentence of imprisonment for six years. The judgment adjudicating guilt assessed $334 in court costs. The bill of costs shows a remaining balance of $319 in court costs. This appeal followed.

## COURT COSTS

In Appellant's sole issue, he argues that the evidence is insufficient to support the assessment of court costs in the amount of $334 because the bill of costs reflects a remaining balance of $319. The State concedes error.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State,* 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). Requiring a defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *see also Armstrong*, 340 S.W.3d at 767; *Johnson*, 405 S.W.3d at 355.

**Discussion**

The judgment adjudicating guilt assesses $334 in court costs and includes a document identified as "Attachment A Order to Withdraw Funds." Attachment A states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $334. However, the bill of costs reflects a remaining balance of $319.

We have reviewed the items listed in the bill of costs, and all listed costs and fees are authorized by statute.[1] However, because some costs have already been paid, the evidence is insufficient to support the trial court's assessment of $334 in court costs as reflected in its judgment adjudicating guilt and its attached order to withdraw funds. *See, e.g.*, *Lack v. State*, No. 12–13–00052–CR, 2013 WL 3967698, at *1–2 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication) (evidence insufficient to support court costs when different from remaining balance reflected in bill of costs). The evidence is sufficient, however, to support the imposition of $319 in court costs. *See id*. The State filed a letter brief in which it

---

[1] The bill of costs includes a clerk's fee, consolidated court fees, courthouse security fee, drug court program fee, e-filing fee, indigent defense court cost, judiciary fund county, judiciary fund state, jury service fee, records management fee, records management and preservation fee, technology fee, time payment fee, and warrant fee. *See* TEX. CODE CRIM. PROC. ANN. arts. 102.0045(a), 102.005(a), (f)(1)-(2), 102.011(a)(2), 102.0169(a), 102.017(a), 102.0178(a)(2) (West 2006 and Supp. 2016); TEX. LOC. GOV'T CODE ANN. §§ 133.102(a)(1), 133.103(a)(1)-(2), 133.105(a)-(b), 133.107(a) (West 2008 and Supp. 2016); TEX. GOV'T CODE ANN. §§ 51.851(d) (West Supp. 2016).

concedes that the judgment and its attached order to withdraw funds should be modified to reflect the remaining balance of $319 in court costs.

We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim. App. [Panel Op.] 1978); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). Because we have the necessary data and evidence to reform the judgment in this case, we conclude that the judgment and attached order to withdraw funds should be modified to reflect the correct amount of court costs. *See* TEX. R. APP. P. 43.2(b); *see also* **Brewer**, 572 S.W.2d at 723; **Ingram**, 261 S.W.3d at 754; **Davis**, 323 S.W.3d at 198. We sustain Appellant's sole issue.

### DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment to reflect the amount of $319 in court costs. *See* TEX. R. APP. P. 43.2(b); *see also* **Brewer**, 572 S.W.2d at 723. We also *modify* the attached order to withdraw funds by deleting the $334 in court costs and replacing it with the amount of $319. *See **Ballinger v. State***, 405 S.W.3d 346, 350 (Tex. App.—Tyler 2013, no pet.). We *affirm* the judgment of the trial court as *modified*. *See* TEX. R. APP. P. 43.2(b).

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-16-00243-CR**

**AARON JOSEPH DIAMOND,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0266-15)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment and attached order to withdraw funds below be **modified** to reflect the amount of $319 in court costs; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*