# NO. 12-17-00027-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRADLEY VENCENT CHEEKS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Bradley Vencent Cheeks appeals his conviction for possession of a controlled substance. In three issues, Appellant challenges the sufficiency of the evidence to support his conviction and the constitutionality of court costs assessed against him. We affirm.

## BACKGROUND

On June 28, 2016, Tyler Police Department Officer Ben Jordan, while on patrol, observed a vehicle with an expired registration sticker and initiated a traffic stop. Appellant was the owner and driver of the vehicle. Brenton Coe was the passenger. Officer Jordan noticed that Appellant and Coe acted nervously, and asked Appellant for consent to search the vehicle, to which Appellant replied in the affirmative.[1] Officer Jordan discovered methamphetamine in the front passenger's side door pocket and center console cup holder, along with methadone inside a purse in the back seat. Appellant denied knowledge of the narcotics' presence. Officer Jordan arrested Appellant and Coe. The methamphetamine in the cup holder, weighing 0.19 grams, was under two packs of cigarettes and Kleenex in a small blue bag. The methamphetamine in the

---

[1] Coe initially provided Officer Jordan with a false identity. However, after providing his correct name, Officer Jordan discovered that Coe had a parole violation warrant and arrested him. Appellant had no criminal history.

passenger door, weighing 0.28 grams, was located in a larger pink bag inside of a Cheetos bag along with a broken pipe commonly used for smoking the drug.

Appellant was indicted for the offense of possession of a controlled substance, a state jail felony as alleged.[2]  Specifically, he was charged with possession of the small blue bag containing 0.19 grams of methamphetamine that Officer Jordan found in the center console.[3]  Appellant and the State entered a negotiated plea agreement for five years of deferred adjudication community supervision.  During the plea hearing, Appellant explained that he gave Coe a ride, and that Coe placed both bags of methamphetamine in his car.  Appellant explained that he did not know that the methamphetamine was in his vehicle.  The trial court did not accept the plea, and set the matter for trial.  After a bench trial, the trial court found Appellant guilty of the offense, and sentenced Appellant to confinement for two years in a state jail facility.  However, the trial court suspended Appellant's sentence and placed him on community supervision for three years.  The trial court also assessed court costs against Appellant.[4]  This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In Appellant's first issue, he challenges the sufficiency of the evidence to support the jury's verdict that he "possessed" the controlled substance.

**Standard of Review**

In reviewing the sufficiency of the evidence to support a conviction, appellate courts view all of the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  "All of the evidence" includes evidence that was properly and improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  The duty of the reviewing court is simply to ensure that the evidence presented supports the jury's verdict and that the State presented a sufficient case of the offense charged. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§481.115(a), (b) (West 2017); 481.102(6) (West Supp. 2017).

[3] Coe was charged with possession of the larger pink bag containing 0.28 grams of methamphetamine.  Coe pleaded "guilty" to the offense and later testified at Appellant's trial.

[4] The clerk's record did not initially contain a bill of costs.  However, the clerk subsequently supplemented the record to include a bill of costs.

The factfinder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. The factfinder may believe all, some, or none of a witness's testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We give deference to the factfinder's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id.*

**Applicable Law**

The Texas Health and Safety Code provides, in relevant part, "a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017). Methamphetamine is a controlled substance listed in Penalty Group 1. *Id.* § 481.102(6) (West Supp. 2017). Possession of an amount in the aggregate weight of less than one gram is a state jail felony. *Id.* § 481.115(b).

To prove unlawful possession of a controlled substance, the State must prove the accused (1) exercised care, custody, control or management over the contraband, and (2) knew the matter was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). This evidence, whether direct or circumstantial, must establish that the accused's connection with the drug was more than just fortuitous. *Id.* at 405–06. "Mere presence alone at a place where the contraband is being used or possessed by others does not justify a finding of joint possession, or constitute one a party to an offense." *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). However, presence or proximity, when combined with other evidence, direct or circumstantial, can be sufficient to establish the defendant exercised actual care, custody, or control of the contraband. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Texas courts have recognized several nonexclusive facts or circumstances that have served to connect an accused to contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was

enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*See, e.g., Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). It is not the number of these factors that is dispositive, but rather the logical force of all the evidence in establishing the elements of the offense. *Evans*, 202 S.W.3d at 162. The logical force of all the admitted evidence is considered in the light most favorable to the verdict in the links analysis. *Tate v. State*, 500 S.W.3d 410, 417 (Tex. Crim. App. 2016). The issue is whether there was evidence of circumstances adequate to justify the conclusion that the defendant knowingly possessed the substance. *Id.* at 166–67 (Womack, J., concurring).

**Discussion**

Appellant owned and drove the vehicle. He was also recently homeless and resided in the vehicle. Appellant provided an informal taxi service wherein he provided rides to acquaintances and friends in exchange for cash or other items such as cigarettes or gasoline. Appellant told the officer that he picked Coe up in Henderson, Texas, and gave him a ride to a motel in Tyler. Appellant testified that Coe went into the hotel while Appellant stayed in the car. Coe returned, and as they began to leave the hotel, they were pulled over by Officer Jordan. The area where the officer observed Appellant's vehicle, including the hotel that they left, is known as the "four corners," which contains several hotels that are known for narcotics transactions and other illicit activity.

When approached by Officer Jordan, Coe was nervous, soft-spoken, and initially provided the officer with a false identity. The officer learned that Coe had a warrant for his arrest, and the officer arrested him. Coe had prior felonies and drug convictions. Although also nervous, Appellant did not have any prior criminal history. However, Appellant testified that he knew Coe was on parole. Neither had any contraband on their person. Officer Jordan first searched the driver's side area and found no contraband. He then searched the backseat area of the car and discovered a purse containing two different types of pills including methadone. Next, the officer searched the front passenger area of the vehicle, and in the side door compartment, he discovered a Cheetos bag containing a pink bag of methamphetamine. In the center cup holder, Officer Jordan found a small blue bag under two packs of Newport cigarettes and some Kleenex. As the officer approached Appellant, he immediately disclaimed knowledge

4

of the purse's contents, but did not mention anything about the officer's potential discoveries in the front seat area of the car.

Coe denied knowledge of the drugs on the video, despite Appellant's repeated pleas requesting that Coe admit the drugs were his. During Appellant's trial, Coe testified and admitted that the pink bag inside the door was his. Coe stated that he placed the pink bag in the door pocket inside the Cheetos bag as the officer began to detain the vehicle. Coe testified that he smoked Newports at the time of the arrest, and that the two packs found could have been his. He also admitted to consuming drugs within ten to fifteen minutes prior to being pulled over. He later admitted that those cigarettes most likely would have been his and that he probably placed them there. The video reflects that Appellant had a pack of Marlboros in his shirt pocket at the time of the arrest. Coe testified he never smoked drugs in front of Appellant, Appellant never saw him purchase drugs, and he never saw Appellant use drugs. But he testified he could not remember whether he put the blue baggie in the cupholder or not. He initially stated that he did not believe he placed the blue bag of methamphetamine in the cup holder. When pressed, he never admitted possession of the blue bag, but testified that it was a long time ago and that he was "high" at the time. Overall, Coe was a combative witness during his testimony, and his credibility was a matter for the trial court. *See Evans*, 202 S.W.3d at 163.

Appellant testified that, "Everybody—anybody that's ever rode in my car, I tell them, 'This is your cup holder. You can use this one here in the front' . . . ." The front cup holder is where the blue bag of methamphetamine was found. He also testified that Coe placed the Newport cigarettes in the front cup holder, and prior to that point, the cup holder was empty. Appellant stated that it did not appear that Coe made any movements after the officer initiated the traffic stop, but did state that he was alone in the car for a short period of time. Appellant's credibility was also a matter for the trial court. *See id.*

The trial court could have reasonably concluded that Appellant possessed the blue bag of methamphetamine. Appellant owned and drove the vehicle. Officer Jordan observed them leaving a hotel known for narcotics transactions. Appellant admitted that Coe briefly entered a room at the hotel. Coe was particularly nervous, provided Jordan with a false name, and appeared to be under the influence of narcotics at the time. Appellant was also nervous. Jordan discovered different quantities of methamphetamine in different colored bags in different areas in the car. The larger pink bag was in the front right passenger side door compartment, out of

Appellant's reach. Coe admitted to placing the pink bag there. The smaller blue bag was located in the cup holder near both Appellant and Coe, but it was within close proximity to Appellant's reach. Coe never admitted that the blue bag was his, even though he was assured by the State that he would not be prosecuted for admitting possession of it.[5] Considering all of the facts and circumstances in the light most favorable to the verdict, the trial court could have reasonably concluded that Appellant exercised care, custody, control or management over the blue bag of methamphetamine, and knew the bag contained methamphetamine. *See Tate*, 500 S.W.3d at 417; *Poindexter*, 153 S.W.3d at 405.

Appellant's first issue is overruled.


## COURT COSTS

In his second issue, Appellant argues that the trial court erred in assessing court costs not supported by the statutorily required bill of costs. In his third issue, Appellant contends that the evidence is insufficient to support the trial court's assessment of costs. Since these issues are related, we address them together.

### Standard of Review and Applicable Law

The Texas Code of Criminal Procedure requires that a judgment of conviction order a defendant to pay court costs. TEX. CODE CRIM. PROC. ANN. arts. 42.15 (West Supp. 2016), 42.16 (West 2006). Only statutorily authorized court costs may be assessed against a criminal defendant. *See id*. art. 103.002 (West 2006). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. *Id.* art. 103.009(a), (c) (West 2006); *see Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.). If a criminal action is transferred or appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Article 103.001(b) states that a cost is not payable by the person charged with the cost until a written bill is produced containing the items of costs and signed by the officer who charged the cost or who is entitled to receive payment for the costs. *Id.* art. 103.001(b) (West Supp. 2017). Court costs, as reflected in a certified bill of costs,

---

[5] The aggregate weight of the methamphetamine in both bags was less than one gram, which would not have raised the punishment level to that of a higher degree felony. Coe was convicted for the possession of the pink bag of methamphetamine in a separate proceeding.

need not be orally pronounced or incorporated by reference to be effective, because court costs do not alter the range of punishment to which the defendant is subject, or the number of years assessed, and, thus, are not part of the sentence. *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (citing *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)).

A criminal defendant may challenge the bases for court costs for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014). In most instances, the appellant would have no basis to object because no itemized bill is available when the sentence is imposed in open court and the judgment generally contains only an aggregate figure. *Id.* An omitted bill of costs can be prepared and added to the record by a supplemental clerk's record. *Id.* at 392. A document that contains an itemized list of court costs, the clerk's seal, and a deputy clerk's signature satisfies the requirements for a bill of costs under Article 103.001. *Id.* at 393. A bill of costs prepared after a criminal trial need not be presented to the trial court because it has no bearing on the defendant's guilt or sentence. *Id.* at 394. The fact that most court costs are mandated by statute dispenses with the need for an ordinary sufficiency review. *Id.* at 388–90. An appellate court reviews "the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id.* at 390.

## Discussion

Appellant argues that the record on appeal did not contain a bill of costs, although one was requested, and that the court costs in the judgment are without support in the record. Without a timely bill of costs, he insists he had no ability to challenge the legal basis for the court costs assessed. He also insists that supplementation of the appellate record with a certified bill of costs should not be permitted. Appellant contends that the judgment must be modified to delete the unsupported costs.

Here, the clerk's record was properly supplemented and contains an itemized bill of costs showing that the total amount of court costs was $294.00. *See Johnson*, 423 S.W.3d at 392. However, the bill of costs contains an error, and we have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *See Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim. App. [Panel Op.] 1978); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.).

7

The itemized bill of costs in this case notes that Appellant owes a $5.00 e-filing fee. *See* TEX. GOV'T CODE ANN. § 51.851(d) (West Supp. 2017). However, in the column assessing the fee, the bill of costs shows that Appellant owes $10.00 for this fee. The State concedes that there is no basis to support the full amount of this fee. Because we have the necessary data and evidence to reform the judgment in this case, we conclude that the judgment should be modified to reflect the correct amount of court costs. *See* TEX. R. APP. P. 43.2(b); *see also* ***Brewer***, 572 S.W.2d at 723; ***Ingram***, 261 S.W.3d at 754. Accordingly, we modify the trial court's judgment to reflect that Appellant owes only $5.00 for the e-filing fee, thereby reducing the total amount of costs assessed from $294.00 to $289.00. Moreover, because the record contains a bill of costs supporting the remaining amount of court costs assessed, we hold that there is sufficient evidence to support the trial court's assessment of those court costs. *See, e.g.,* ***Ireland v. State***, No. 03–14–00616–CR, 2015 WL 4914982, at *3 n.3 (Tex. App.–Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (identifying statutory sources for assessment of fees in bill of costs); *see also* ***Golden v. State***, No. 12–16–00278–CR, 2017 WL 3405201 at *3 n.1 (Tex. App.–Tyler Aug. 9, 2017, no pet. h.) (mem. op., not designated for publication).

Appellant's second and third issues are sustained in part and overruled in part.

## DISPOSITION

Having sustained the portion of Appellant's second and third issues concerning the basis to support the full amount of his e-filing fee as part of his court costs, we ***modify*** the trial court's judgment to reflect a $5.00 e-filing fee, thereby reducing the total amount of court costs assessed from $294.00 to $289.00. The remainder of the trial court's judgment is ***affirmed.***

GREG NEELEY
Justice

Opinion delivered April 11, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 11, 2018

NO. 12-17-00027-CR

**BRADLEY VENCENT CHEEKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1235-16)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect a $5.00 e-filing fee, thereby reducing the total amount of court costs assessed from $294.00 to $289.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*