# NO. 12-19-00388-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARLON JERMAINE JOHNSON,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Marlon Jermaine Johnson appeals his conviction for assault/family violence. In one issue, he contends the evidence is insufficient to support the trial court's order of court costs. We sustain Appellant's issue, modify the judgment, and affirm as modified.

### BACKGROUND

On March 29, 2017, Appellant pleaded "guilty" to assault/family violence, a second degree felony and the trial court found him guilty of that offense. He was sentenced to imprisonment for ten years, but the trial court suspended imposition of his sentence and placed him on community supervision for a period of eight years. Subsequently, the State filed a motion to revoke his community supervision alleging that Appellant violated the terms and conditions of community supervision. Appellant pleaded "true" to two of the allegations and "not true" to the remaining allegations. In October 2019, following a revocation hearing, the trial court revoked Appellant's community supervision, found the alleged violations of community supervision to be "true," and imposed a sentence of imprisonment for eight years. The judgment adjudicating guilt assessed $234 in court costs. The bill of costs shows a remaining balance of $30 in court costs. This appeal followed.

## COURT COSTS

In Appellant's sole issue, he argues that the evidence is insufficient to support the assessment of court costs in the amount of $234 because the bill of costs reflects a remaining balance of $30. The State concedes error.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.). Requiring a defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *see also Armstrong*, 340 S.W.3d at 767; *Johnson*, 405 S.W.3d at 355.

**Discussion**

The judgment adjudicating guilt assesses $234 in court costs and includes a document identified as "Attachment A Order to Withdraw Funds." Attachment A states that Appellant incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $234. However, the bill of costs reflects a remaining balance of $30.

We have reviewed the items listed in the bill of costs, and all listed costs and fees are authorized by statute.[1] But because the bill of costs reflects that some costs have already been paid, the evidence is insufficient to support the trial court's assessment of $234 in court costs as reflected in its judgment adjudicating guilt and the attached order to withdraw funds. *See, e.g., Lack v. State*, No. 12–13–00052–CR, 2013 WL 3967698, at *1–2 (Tex. App.–Tyler July 31, 2013, no pet.) (mem. op., not designated for publication) (evidence insufficient to support court costs when different from remaining balance reflected in bill of costs). The State filed a letter brief in which it concedes that the judgment and attached order to withdraw funds should be modified to reflect the remaining balance of $30 in court costs.

---

[1] The bill of costs includes a clerk's fee, consolidated court fees, courthouse security fee, e-filing fee, indigent defense court cost, judiciary fund county, judiciary fund state, jury service fee, records management fee, records management and preservation fee, technology fee, and time payment fee. *See* TEX. CODE CRIM. PROC. ANN. arts. 102.0045(a), 102.005(a), (f)(1)-(2), 102.0169(a), 102.017(a), (West 2018 and Supp. 2019); TEX. LOC. GOV'T CODE ANN. §§ 133.102(a)(1), 133.103(a)(1)-(2), 133.105(a)-(b), 133.107(a) (West 2008 and Supp. 2019); TEX. GOV'T CODE ANN. §§ 51.851(d) (West Supp. 2019).

We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim. App. [Panel Op.] 1978); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). Because we have the necessary data and evidence to reform the judgment in this case, we conclude that the judgment and attached order to withdraw funds should be modified to reflect the correct amount of court costs. *See* TEX. R. APP. P. 43.2(b); *see also Brewer*, 572 S.W.2d at 723; *Ingram*, 261 S.W.3d at 754; *Davis*, 323 S.W.3d at 198. We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment to reflect the amount of $30 in court costs. *See* TEX. R. APP. P.43.2(b); *see also Brewer*, 572 S.W.2d at 723. We also *modify* the attached order to withdraw funds (Attachment A) by deleting the $234 in court costs and replacing it with the amount of $30. *See Ballinger v. State*, 405 S.W.3d 346, 350 (Tex. App.–Tyler 2013, no pet.). We *affirm* the judgment of the trial court as *modified*. *See* TEX. R. APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered April 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2020**

**NO. 12-19-00388-CR**

**MARLON JERMAINE JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0029-17)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect the amount of $30 in court costs. We also modify Attachment A by deleting the $234 in court costs and replacing it with the amount of $30; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*