**Affirmed and Opinion Filed June 13, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-01019-CR

**KERNECHA TAMIA HUNTER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-39247**

## OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Miskel

Kernecha Tamia Hunter appeals the trial court's judgment convicting her of driving while intoxicated with a child passenger younger than 15 years of age. *See* TEX. PENAL CODE ANN. § 49.045. The trial judge found her guilty and assessed her punishment at two years of imprisonment. Hunter raises four issues on appeal arguing that: (1) the trial judge was biased; (2) the trial court erred when it violated her common law right to allocution; (3) her sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment; and (4) her punishment violates her rights under the Texas Penal Code. We conclude Hunter

has not shown the trial judge was biased and has failed to preserve her other issues for appellate review. We affirm the trial court's judgment.

## I. Procedural Background

Hunter was indicted for the offense of driving while intoxicated with a child passenger younger than 15 years of age. The indictment originally alleged two prior felony convictions. However, the State filed a motion to strike the enhancements, which the trial court granted, resulting in the charged offense's being a state jail felony. Pursuant to a plea agreement, Hunter pleaded guilty to driving while intoxicated with a child passenger younger than 15 years of age. Hunter also signed a written judicial confession, which was admitted into evidence.

During the hearing on punishment, both the State and Hunter requested that Hunter be placed on community supervision. The trial court found Hunter guilty and assessed her punishment at two years of confinement in state jail. Hunter filed a motion for new trial, asserting only generally that "the verdict is contrary to the law and evidence."

## II. Due Process Right to a Neutral Arbiter Was Not Violated

In issue one, Hunter argues the trial judge violated her due process right to a neutral and detached arbiter when the trial judge cross-examined her. Although she did not object, she claims that no objection is required to preserve for appellate review the issue of whether the trial judge acted as an adversarial advocate. The State responds that Hunter cannot show that the trial court violated her due process

rights when the trial judge asked permissible questions on relevant matters that were superficially addressed during both direct and cross-examination.

## A. Standard of Review

To reverse a judgment on the ground of improper conduct or comments of the trial judge, an appellate court must be presented with proof (1) that judicial impropriety was in fact committed, and (2) of probable prejudice to the complaining party. *Anguiano v. State*, No. 05-21-00685-CR, 2022 WL 2914024, at *3 (Tex. App.—Dallas July 25, 2022, no pet.) (mem. op., not designated for publication) (citing *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006)). Judicial remarks made during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Gaal v. State*, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011); *Anguiano*, 2022 WL 2914024, at *3.

Judicial remarks may suggest improper bias if they reveal an opinion deriving from an extrajudicial source, but when no extrajudicial source is alleged, such remarks will constitute grounds for reversal only if they reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible. *Anguiano*, 2022 WL 2914024, at *3; *see also Gaal*, 332 S.W.3d at 455 (discussing reasons requiring recusal). To constitute bias clearly shown on the record, the deep-seated antagonism must be apparent from the judicial remarks themselves without "interpretation or

expansion" by an appellate court. *Anguiano*, 2022 WL 2914024, at *3 (citing *Gaal*, 332 S.W.3d at 457).

Absent a clear showing of bias, a trial judge's actions will be presumed to have been correct. *Brumit*, 206 S.W.3d at 645; *see also Anguiano*, 2022 WL 2914024, at *3.

## B.     Applicable Law

A defendant has a right to an absolutely impartial judge at both the guilt–innocence and punishment phases of trial. *Anguiano*, 2022 WL 2914024, at *2. In the Texas adversarial system, the judge is a neutral arbiter between advocates; "he is not involved in the fray." *Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003); *Anguiano*, 2022 WL 2914024, at *3.

Due process requires a neutral and detached judge. *Brumit*, 206 S.W.3d at 645; *see also Anguiano*, 2022 WL 2914024, at *3. However, a neutral and detached hearing officer is not synonymous with a silent observer. *Anguiano*, 2022 WL 2914024, at *3. A trial judge is permitted to directly question witnesses, including a defendant, when seeking information to clarify a point. *Seely v. State*, No. 05-17-01149-CR, 2018 WL 5118647, at *1 (Tex. App.—Dallas Oct. 22, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978)). In doing so, the trial judge must not go beyond permissible questioning by (1) conveying her opinion of the case to the jury and ultimately influencing its decision, or (2) in the zeal of active participation,

becoming an advocate in the adversarial process and losing the neutral and detached role required for the fact-finder and the judge. *Id*. In a bench trial, the trial judge has more latitude than in a jury trial to question witnesses to obtain information to assist in the fact-finding process. *Id*. Although not favored, even extensive and adversarial questioning by a trial judge is permissible in a bench trial as long as the questions are relevant to the issues before the court and the court's impartiality is not affected. *Id*.

## C.    The Record Does Not Clearly Show that the Trial Judge Was Biased

As a preliminary matter, we note that Hunter concedes that she did not object to the trial judge's alleged advocacy. However, she argues that pursuant to *Proenza v. State*, 541 S.W.3d 786, 788–89 (Tex. Crim. App. 2017), she did not need to object to preserve her complaint on appeal. *Proenza* involved a trial judge's making improper comments on the weight of the evidence in front of a jury in violation of article 38.05 of the Texas Code of Criminal Procedure. *Id.* at 790. The current case does not involve an alleged violation of article 38.05; rather it involves Hunter's claim that the trial judge abandoned her neutral role when, during the hearing on punishment before the trial court, the trial judge questioned Hunter about her bond violations and her three prior times on community supervision that were unsuccessful.

Nevertheless, if we assume, without deciding, that Hunter was not required to object to the trial judge's questioning in order to raise her complaint on appeal, we

resolve Hunter's complaint against her.[1]  The trial in this case was to the bench, so there was no danger of the trial judge's questions influencing a jury.  *See Seely*, 2018 WL 5118647, at *1.  As a result, we look to whether, in the zeal of active participation, the trial judge became an advocate in the adversarial process and lost the neutral, detached role required for a judge.  *See id.*

The record shows that, during the hearing on punishment, after the State and defense counsel rested, the trial judge questioned Hunter about her drug and alcohol use during community supervision while the case was pending and her unsuccessful prior terms of community supervision.  The questions were relevant because both the State and Hunter had requested that the trial judge place Hunter on community supervision again.  As a result, the trial judge's questions sought clarification of matters already raised by both the State and defense counsel and directly related to the assessment of Hunter's punishment.  After reviewing the entire record, we conclude the trial judge's questioning does not show actual bias or reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible.

---

[1] We note that with some exceptions, a defendant in a criminal case forfeits error, even constitutional error, when she fails to make a timely objection or fails to request proper relief.  *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).  In *Marin*, the Texas Court of Criminal Appeals recognized two "relatively small" categories of errors—violations of "rights which are waivable only" and denials of "absolute systemic requirements"—that may be addressed on appeal regardless of whether an objection was made in the trial court.  *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).  The Texas Court of Criminal Appeals has recognized that certain restraints on the comments of a judge fall within the category of absolute rights.  *See id.* at 888–89 n.72 (citing *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) and noting it could not agree on the basis of this requirement as four judges held that the trial judge's comments tainted the presumption of innocence and were fundamental error of constitutional dimension and a fifth judge held that the trial judge's comments violated the right to an impartial judge).

We decide issue one against Hunter.

### III.    Remaining Issues Were Not Preserved

In issues two through four, Hunter argues (2) the trial court erred when it violated her common law right to allocution; (3) her sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment; and (4) her punishment violates her rights under the Texas Penal Code. The State responds that Hunter failed to preserve these issues for appellate review.

### A.    Applicable Law

To preserve error for appellate review, a defendant must make her complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). With some exceptions, a defendant in a criminal case forfeits error, even constitutional error, when she fails to make a timely objection or fails to request proper relief. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

### B.    Common-Law Right of Allocution

In issue two, Hunter argues the trial court erred when it violated her common law right to allocution. She concedes that the trial court complied with Texas Code of Criminal Procedure article 42.07 but claims the trial judge did not inquire whether

she wished to exercise her common law right to allocution or whether she had anything she wished to assert beyond what is encompassed by article 42.07. As a result, Hunter maintains that she should receive a new hearing on punishment. The State responds that Hunter did not preserve her argument for appellate review.

The term "allocution" refers to a criminal defendant's opportunity to present his personal plea to the court in mitigation of punishment before sentence is imposed. *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g); *see also Albiar v. State*, No. 05-22-00558-CR, 2023 WL 5814273, at *1 (Tex. App.—Dallas Sept. 8, 2023, no pet.) (mem. op., not designated for publication). The statutory right to allocution requires that the defendant be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07; *see also Albiar*, 2023 WL 5814273, at *1.

To complain on appeal of the denial of the right of allocution—regardless of whether it is statutory or one claimed under the common law—a defendant must timely object. *Albiar*, 2023 WL 5814273, at *2. This Court has repeatedly held that a defendant who fails to timely object to the denial of her right of allocution does not preserve the complaint for appeal. *Id.* (listing several cases in support of this proposition).

The record shows that after pronouncing Hunter's sentence, the trial judge asked whether there was any reason why her sentence should not be imposed and

defense counsel answered, "[T]here is no legal reason why sentence should not be imposed." Hunter did not raise any objection concerning the common law right of allocation. Accordingly, we conclude that Hunter failed to preserve issue two for appellate review.[2] *See* TEX. R. APP. P. 33.1.

We decide issue two against Hunter without regard to its merit.

## C. Eighth Amendment Protection Against Cruel and Unusual Punishment

In issue three, Hunter argues that her sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because her sentence is grossly disproportionate to her offense. She claims that, although driving while intoxicated is a serious offense, no one was injured, and she points to the State's argument that she needed help so an inpatient treatment program was more likely to give her the tools to be successful as a mother and a citizen. The State responds that Hunter did not preserve her argument for appellate review.

To preserve a complaint about an allegedly disproportionate or cruel and unusual punishment for appeal, a defendant must make her complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Williams v. State*, No. 05-20-00593-CR, 2021 WL

---

[2] We express no opinion as to whether a common-law right of allocation exists in Texas. In *Decker v. State*, No. 15-18-01259-CR, 2020 WL 614100 (Tex. App.—Dallas Feb. 10, 2020, no pet.) (mem. op., not designated for publication), this Court discussed the history of allocation rights in Texas. *Decker* stated: "Following the enactment of code of criminal procedure article 42.07, the questions of whether the statute encompassed the same scope as the former common-law practice, or, if not, supplanted any potential broader reach of the common-law right remained unanswered." *Id.* at *4.

3782080, at *3 (Tex. App.—Dallas Aug. 26, 2021, no pet.) (mem. op., not designated for publication).

The record shows that Hunter's punishment was assessed at two years of confinement in state jail, which was within the range of punishment for the charged offense. *See* PENAL §§ 12.35, 49.045(b). It also shows that she did not object to her punishment on the grounds that it violated the Eighth Amendment's prohibition against cruel and unusual punishment because her sentence was grossly disproportionate to her offense. Nor did she argue this in her motion for new trial. Accordingly, we conclude that she failed to preserve this argument for appellate review.

We decide issue three against Hunter without regard to its merit.

**D. Objectives of the Texas Penal Code**

In issue four, Hunter argues that her punishment violates her rights under the Texas Penal Code. The State responds that Hunter did not preserve her argument for appellate review.

As a general rule, an appellant may not assert error pertaining to her sentence or punishment where she failed to object or otherwise raise such error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *see also Albiar*, 2023 WL 5814273, at *2. This Court has consistently rejected arguments concerning sentences that allegedly contravene the objectives of the Texas Penal

Code when no such argument was raised in the trial court. *Albiar*, 2023 WL 5814273, at *2 (listing several cases in support of this proposition).

Again, the record shows that Hunter's punishment was assessed at two years of confinement in state jail, which was within the range of punishment for the charged offense. *See* PENAL §§ 12.35, 49.045(b). It also shows that she did not object to her punishment on the grounds that it violated her rights under the Texas Penal Code. Nor did she argue that her punishment failed to achieve what she claims are the objectives of the Texas Penal Code in her motion for new trial. Accordingly, we conclude that she failed to preserve this argument for appellate review.

We decide issue four against Hunter without regard to its merit.

## IV. Conclusion

Hunter has not shown that the trial judge was biased. Also, she failed to preserve her other issues for appellate review.

We affirm the trial court's judgment.

/Emily A. Miskel/
————————————————
EMILY A. MISKEL
Publish                                     JUSTICE
TEX. R. APP. P. 47

231019F.P05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

KERNECHA TAMIA HUNTER, Appellant

No. 05-23-01019-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F22-39247.
Opinion delivered by Justice Miskel. Justices Smith and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 13, 2024